U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

AUG 18 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JAY KEITH TURNER,<br>APPELLANT | CIVIL ACTION NO. 07-645 |
| versus | JUDGE TRIMBLE |
| MICHAEL J. ASTRUE, COMMISSIONER<br>OF SOCIAL SECURITY,<br>APPELLEE | MAGISTRATE JUDGE KIRK |

## JUDGMENT

Before the court is the report and recommendation of the magistrate judge[1] filed July 25, 2008 wherein the magistrate judge recommends that this court affirm the Commissioner's denial of disability insurance benefits and reverse the Commissioner's denial of supplemental security income benefits. Appellant Turner timely filed objections to the magistrate judge's report and recommendation, alleging that the "disability onset date" of April 12, 2003 assigned therein is clear error in that the magistrate judge conflated the disability onset date with the date on which he met listing 12.04 concerning bi-polar disorder.[2]

The court has carefully and independently reviewed the record in this case, including the objections filed by appellant and finds that the medical records before us fully support the

---

[1] R. 20.

[2] R. 21.

1

magistrate judge's finding that Turner satisfied the criteria of listing 12.04 on April 12, 2003, two years after he was diagnosed with bipolar disorder and began treatment for same.[3] Accordingly, Turner became disabled within the meaning of the Social Security Act and, therefore, eligible to receive supplemental security income on that date.[4]

Counsel for Turner represents that the record in this case demonstrates that Turner was diagnosed with and began Lithium treatment for bipolar disorder as early as age 19 and refers the court to p. 464 of the transcript as evidence thereof. The court finds that counsel's characterization of this testimony is inaccurate. Turner merely states that he has been on and off of medication since the age of 19, but that he was only diagnosed with bipolar disorder "about three and a half years ago."[5] To qualify as disabled with an affective mental disorder, the claimant must meet the criteria of listing 12.04 by presenting sufficient evidence to "(1) establish the presence of a medically determinable mental impairment(s), (2) assess the degree of functional limitation the impairment(s) imposes, and (3) project the probable duration of the impairment(s)."[6] The record before us is void of any medical evidence prior to April 12, 2001.

---

[3]Transcript at p. 244.

[4]The court is aware of two typographical errors in the magistrate judge's report and recommendation. The first, found at p. 8, first full paragraph, states that Turner was diagnosed with bipolar disorder at Shands Hospital in Florida in January of 2003. Based on the transcript, the court finds that this diagnosis occurred in January of 2002. The second error, found on p. 30, cites April 1, 2003 as the date upon which Turner was diagnosed and began treatment by Barry Frenchman. Based on the transcript, the court finds that this diagnosis occurred on April 12, 2001. Having reviewed the transcript and the magistrate judge's report and recommendation, we do not find that these typographical errors resulted in any substantive error by the court and are therefore merely corrected by way of reference here.

[5]Transcript at p. 464.

[6]20 C.F.R. Pt. 404, Subpt. P, Appx. 1, 12.00(D).

Thus, while we are aware of Turner's contention that he has, since a young age, seen mental health professionals for various symptoms, Turner has failed to provide medical evidence of a diagnosis of bipolar disorder such as would establish an entitlement to supplemental security income benefits at any date prior to April 12, 2003.

Considering the foregoing, it is hereby

**ORDERED ADJUDGED AND DECREED** that the magistrate judge's report and recommendation previously filed in the above captioned action is **ADOPTED** in full. Accordingly, the final decision of the Commissioner is **AFFIRMED** as to the denial of social security benefits and **REVERSED** as to the denial of supplemental security income benefits. Judgment is hereby **ENTERED** in favor of Turner, awarding Turner supplemental security income benefits based on a the court's finding that Turner met listing 12.04 on April 12, 2003 and became eligible for such benefits on that date.

It is further

**ORDERED** that the above captioned case is **REMANDED** to the Commissioner for further proceedings to determine the amount of benefits to which Turner is entitled.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 18th day of August, 2008

_____
**JAMES T. TRIMBLE, JR.**
**UNITED STATES DISTRICT JUDGE**